IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015


**STATE OF TENNESSEE v. HORACE DUNLAP**


**Appeal from the Criminal Court for Davidson County**
**No. 92-A-14, 92-A-23, 91-D-1953      Steve R. Dozier, Judge**

_____


**No. M2015-00358-CCA-R3-CD – Filed February 11, 2016**
_____


The defendant, Horace Dunlap, appeals the denial of his Rule 36.1 motion to correct an illegal sentence.  Because the defendant's sentences have expired, we affirm the judgment of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., joined.

Richard L. Tennent, Nashville, Tennessee, for the Appellant, Horace Lee Dunlap.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**FACTS AND PROCEDURAL HISTORY**

The defendant was arrested on May 30, 1991, in case number 92-A-23 for several offenses, including possession of cocaine with intent to sell, and he was released on bond on May 31, 1991.  While on bond, he was arrested on July 5, 1991, in case number 91-D-1953 for possession of cocaine with intent to sell, along with other charges, and he was released on bond the next day.  He was arrested again on August 24, 1991, in case

number 92-A-14 for being a convicted felon in possession of a firearm, in addition to several other charges.

On April 16, 1992, the defendant pled guilty to one count of possession of cocaine with the intent to sell in case number 92-A-23, one count of possession of cocaine with intent to sell in case number 91-D-1953, and one count of being a convicted felon in possession of a firearm in case number 92-A-14. The plea agreement does not contain the lengths of the sentences, but the agreement indicates that all sentences were to be served concurrently with each other and with the defendant's federal sentence. The judgments, which are dated April 16, 1992, indicate that the defendant received twelve-year sentences for each conviction for possession of cocaine with intent to sell and that he received a two-year sentence for the felon in possession of a firearm conviction.

On July 17, 1992, the trial court entered an order imposing the defendant's sentences "in absentia" because the defendant was in federal custody. The order stated that "the parties [were] in agreement" regarding the sentences. The sentences were ordered to be served concurrently with each other and with the defendant's federal sentence, for a total effective sentence of twelve years.

It was later discovered that the defendant was not in federal custody as originally believed. On August 26, 1993, the trial court issued an order reviewing the July 17, 1992 sentencing order. The order stated that "[i]t was contemplated that" the defendant would serve all of his sentences in federal custody. The court noted that the defendant was actually in State custody at the time of the July 17, 1992 order and was presently in State custody. The court ordered that the defendant be released into federal custody to begin serving his federal sentence and ordered his State sentences to run concurrently with his federal sentence. On September 8, 1993, the defendant was transferred to federal custody.

On March 9, 1994, while the defendant was still in federal custody, the Tennessee Department of Correction placed a detainer on the defendant. The defendant was released from federal custody on December 23, 1994. The Tennessee Board of Parole conducted an in absentia parole hearing on June 29, 1994, and the defendant received parole on August 18, 1994. The Department of Correction lifted the detainer against the defendant on March 7, 1995, after learning that the defendant was on parole. Because he had received parole for his sentences, it was no longer necessary to return the defendant to the Department of Correction.

On May 15, 2014, the defendant filed a "Motion to Reopen and Correct Errors in the Judgment that Renders Sentence Illegal and Void." The defendant argued that his State sentences were illegally imposed concurrently because he was released on bond for

2

case number 92-A-23 when he committed the offense in case number 91-D-1953 and because he was released on bond for case number 91-D-1953 when he committed the offense in case number 92-A-14. On July 24, 2014, the defendant filed a second motion to reopen, reiterating his arguments from his first motion. The trial court found that the defendant had stated a colorable claim, and the court appointed counsel and scheduled a hearing.

The hearing was held on December 12, 2014, and the defendant was not present at the hearing. It appears that he was incarcerated in a federal institution on an unrelated charge. Counsel explained that the Tennessee Department of Correction had initially agreed to pay for the transportation of the defendant to the hearing, but they could not do so after learning of the cost of transporting the defendant via federal marshals. In lieu of an actual appearance, the defendant submitted an affidavit in which he asserted his innocence of the drug charges. He stated that his attorney advised him to plead guilty because the sentences would be aligned concurrently with his federal sentence and he would not have to serve any time in State custody. The defendant stated that the offer was "a good offer" at the time because his federal attorney had informed him that he would be released from federal custody after forty months, and his State cases could not be used against him. The defendant asserted that had he known that the State charges could later be used against him, he would have gone to trial instead of pleading guilty. He stated that the drugs belonged to his brother and that his brother would have testified to the same effect.

The defendant's brother, Richard Dunlap, testified that he and the defendant were co-defendants in the possession of cocaine with intent to sell cases. Mr. Dunlap explained that if the defendant had gone to trial, Mr. Dunlap would have testified on the defendant's behalf that the drugs actually belonged to Mr. Dunlap. Mr. Dunlap testified that he and the defendant were "just together" and "just hanging out" when the drugs were discovered, and Mr. Dunlap said that the cocaine "actually belonged to" him. Mr. Dunlap stated that he told the defendant he would testify on his behalf.

The trial court issued an order denying the motion. The court found that the defendant had stated a colorable claim for relief because he was released on bond for case number 92-A-23 when he committed the offense in case number 91-D-1953. The court found that the defendant was again on bond when he committed the offense in case number 92-A-14. The court found that there was "inadequate proof in the record" to demonstrate that the promise of concurrent sentencing was a material element of the defendant's plea agreement. Citing to the petitioner's filings and his motion, the court found that it was material to the defendant that he serve his sentence in federal custody and that he asserted a claim of actual innocence based upon information available to him at the time of the plea. The court nevertheless found that the defendant's sentencing

3

issues were moot because the defendant was paroled on his State sentences. The court concluded that the defendant's sentences were expired and that there was no longer a meaningful remedy that the court could provide.

## ANALYSIS

On appeal, the defendant argues that the trial court erred in determining that his claim was moot. He also contends that his concurrent sentences were illegal and that this illegality was a material element of his plea agreement. The State concedes that the defendant's sentences are illegal and that the trial court erred by dismissing the petition on the grounds of mootness. The State also concedes that the trial court erred in dismissing the petition for a lack of adequate proof that the concurrent sentencing was a material element of the guilty plea, arguing that the trial court improperly found that the proof was "inadequate due to the defendant's absence from the hearing and the unavailability of the defendant's testimony regarding his motivation to plead guilty."

Tennessee Rule of Criminal Procedure 36.1 provides that the defendant "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the defendant is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015).

In *State v Adrian R. Brown*, ____ S.W.3d _____, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *8 (Tenn. Dec. 2, 2015), a case decided after the briefs were filed in the instant case, our supreme court held that "Rule 36.1 . . . does not authorize the correction of expired illegal sentences." Additionally, the court noted that while the collateral consequences of a challenged conviction "may prevent a case from becoming moot in the traditional sense of the mootness doctrine, . . . Rule 36.1 is not an appropriate avenue for seeking relief from collateral consequences." *Id.* at *8 n.12. Here, the defendant's twelve-year sentence was imposed on July 17, 1992, and he received a certificate of parole on August 18, 1994. The record reflects that his sentence has expired, and he is not entitled to relief under Rule 36.1. As a result, we need not determine whether the trial court committed any error in its determination that the record was inadequate to support a finding that concurrent sentencing was a material element of the defendant's plea bargain. We conclude that the defendant is not entitled to any relief.

4

**CONCLUSION**

Based upon the foregoing, we affirm the judgment of the trial court.


_____

JOHN EVERETT WILLIAMS, JUDGE